**TOM PETRUS & MILLER LLLC**

RICHARD B. MILLER          3729-0
rmiller@tpm-hawaii.com
Tel (808) 792-5855
ASHLEY R. SHIBUYA          10200-0
Ashibuya@tpm-hawaii.com
Tel (808) 792-5804
THURSTON A. KINO          11558-0
Tel (808) 792-5827
tkino@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHAYDIN MEEK CANON CHING,<br><br>Defendant. | CIVIL NO. CV<br>(Declaratory Judgment)<br><br>PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff STATE FARM FIRE AND CASUALTY COMPANY ("State Farm"), by and through its counsel, Tom Petrus & Miller, LLLC, for its complaint against the above-named defendant alleges and avers as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois.

2.     Upon information and belief, Defendant SHAYDIN MEEK CANON CHING ("Mr. Ching" or "S.C.") is a citizen of the United States and the State of Hawaiʻi and a resident of Pahoa, Hawaiʻi.

3.     There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.

4.     State Farm brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 asking this court to determine, as a matter of law, that State Farm has no duty to defend or indemnify the defendant for the claims asserted against him in an Underlying Lawsuit.

5.     There is an actual and continuing controversy between State Farm and Defendant.

6.     All or a substantial portion of the events giving rise to this action occurred within the County of Hawaiʻi and the State of Hawaiʻi.

2

7. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## THE UNDERLYING LAWSUIT

8. On July 29, 2024 the mother of a minor female student at Keaau High School on the Island of Hawai'i (identified in pleadings as "DMF") (not a party hereto) filed a Complaint in the Circuit Court of the Third Circuit against the State of Hawai'i, Department of Education alleging that a male student identified as "S.C." sexually assaulted DMF on school grounds in October 2022. The Complaint in that lawsuit is encaptioned DOE GUARDIAN, Individually and as Next Friend for Her Minor Child et al. v. STATE OF HAWAII, DEPARTMENT OF EDUCATION et al.; 3CCV-24-0000272 (hereafter the "Underlying Lawsuit").

9. The Underlying Complaint alleges that S.C. met up with DMF in a campus restroom where he groped her and tried to put his hand down her pants. When DMF resisted, S.C. allegedly slammed her into a wall.

10. According to the Underlying Complaint, DMF was in the ninth grade at the time, and S.C. was in the 11th grade.

11. The plaintiff, on behalf of herself and her minor daughter, asserted claims against the State of Hawai'i for negligence and negligent infliction of emotional distress and sought general and special damages.

12. On October 2, 2024, the State of Hawai'i filed a Third-Party Complaint in the Underlying Lawsuit against S.C. and the Parents and/or

Guardians of S.C.

13.     The Third-Party Complaint incorporated the allegations in the plaintiffs' Underlying Lawsuit Complaint, including the allegation that S.C. sexually assaulted DMF.

14.     The State alleged that if the plaintiffs sustained injuries and/or damages as alleged in the Complaint, those injuries or damages were caused by the negligent, intentional, reckless and/or tortious conduct of S.C. and not the State.

15.     The State further asserted that S.C.'s parents and/or guardians were legally responsible for his conduct pursuant to Haw. Rev. Stat. § 577-3, Hawai'i's parental liability statute.

16.     The State sought indemnity and/or contribution from S.C. and his parents for any judgment entered against the State.

## **THE POLICY**

17.     State Farm issued a Homeowners Policy No. 51-BN-J750-4 to Jessica Marrie Fernandez Meek-Canon-Ching for the relevant policy period of September 17, 2022 to September 17, 2023 (the "Policy").

18.     Upon information and belief, S.C. is Ms. Meek-Canon-Ching's son and was a minor living in her household at the time of the events alleged in the Underlying Lawsuit.

4

19. The Third-Party Complaint was served on Ms. Meek-Canon-Ching and Mr. Meek-Canon, who tendered defense of the Third-Party Complaint in the Underlying Lawsuit to State Farm.

20. State Farm has provided Ms. Meek-Canon-Ching and Mr. Meek-Canon with a defense in the Underlying Lawsuit.

21. State Farm has provided Shaydin with a defense in the Underlying Lawsuit pursuant to a full reservation of rights.

22. The Policy was issued using Form HW-2151, which includes the following relevant provisions:

**DEFINITIONS**

*We* define the following words and phrases for use throughout this policy.  These definitions apply to the singular, plural, and possessive forms of these words and phrases.  Defined words and phrases are printed in bold italics.

. . .

2. *"bodily injury"* means physical injury, sickness or disease to a person.  This includes required care, loss of services, and death resulting therefrom.

   *Bodily injury* does not include:

   . . .

   c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

. . .

9. *"insured"* means:

   a. *you*:

   b. *your relatives*; and

5

    c.    any other person under the age of 21 in the care of a person described above.

. . .

13.    *"occurrence"*, when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

    a.    *bodily injury*; or

    b.    *property damage*;

during the policy period.  All *bodily injury* and *property damage* resulting from one accident, series of related accidents, or from continuous or repeated exposure to the same general harmful conditions is considered to be one *occurrence*.

. . .

15.    **"relative"** means any person related to **you** by:

    a.    blood;

    b.    adoption;

    c.    marriage; or

    d.    civil union, domestic partnership, or other substantially similar legal relationship that is recognized and valid in the state where, and at the time when, the legal relationship was established;

and who resides primarily with **you**.

. . .

21.    **"you"** and **"your"** mean the person or persons shown as "Named Insured" in the **Declarations**.  If a "Named Insured" shown in the **Declarations** is a human being, then **you** and **your** include:

    a.    a spouse of a "Named Insured";

    b.    a party to a civil union with a "Named Insured";

    c.    a domestic partner of a "Named Insured"; or

    d.    a person in a substantially similar legal relationship with a "Named Insured";

if such relationship is recognized and valid in the state where,

6

and at the time when, the legal relationship was established, so long as the person in the above relationship resides primarily with that "Named Insured".

. . .

## SECTION II – LIABILITY COVERAGES

## COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an *occurrence*, we will:

1.   pay up to *our* limit of liability for the damages for which the *insured* is legally liable.  *We* will not pay for criminal restitution; and

2.   provide a defense at our expense by counsel of *our* choice.  *We* may make any investigation and settle any claim or suit that *we* decide is appropriate.  *Our* obligation to defend any suit ends when the amount *we* pay for damages, to effect settlement or satisfy a judgment resulting from the *occurrence*, equals *our* limit of liability.  *We* will not provide a defense to any *insured* for criminal prosecution or proceedings.

## SECTION II – EXCLUSIONS

1.   Coverage L and Coverage M do not apply to:

   a.   *bodily injury* or *property damage* that:

      (1)   was a result of a:

         (a)   willful and malicious; or

         (b)   criminal;

      act or omission of the *insured*,

      (2)   was intended by the *insured*; or

      (3)   would have been expected by the *insured* based on a reasonable person standard.

   However, exclusions a.(2) and a.(3) above do not apply to *bodily injury* or *property damage* resulting from the use of reasonable force to protect persons or property.

   Exclusions a.(1), a.(2) and a.(3) above apply to all *bodily*

7

*injury* or *property damage* even if the:

(1) *bodily injury* or *property damage* was sustained by a different person, entity, or property than was expected or intended;

(2) *bodily injury* or *property damage* was of a different kind, quality, or degree than was expected or intended;

(3) *insured* lacked the mental capacity to control his or her conduct;

(4) *insured* was not charged with or convicted of a criminal act or omission; or

(5) *insured* was impaired by drugs or alcohol;

. . . .

n. *bodily injury* or *property damage* arising out of any actual, alleged, or threatened:

(1) sexual harassment, sexual molestation, or sexual misconduct;

(2) physical or mental abuse; or

(3) corporal punishment

by the *insured*.

## STATEMENT OF CLAIM

23. State Farm realleges and incorporates herein by reference the allegations in Paragraphs 1 – 22 of this Complaint.

24. The Complaint in the Underlying Lawsuit does not allege an "occurrence" within the coverage of the Policy.

25. Coverage is precluded by the Policy's exclusions for bodily injury that was the result of a willful and malicious, or criminal, act by the insured; was intended by the insured; or would have been expected by the insured based on a

8

reasonable person standard.

26. Coverage is also precluded by the Policy's exclusions for bodily injury or property damage arising out of any actual, alleged, or threatened sexual harassment, sexual molestation, or sexual misconduct by the insured; or physical or mental abuse by the insured.

WHEREFORE, State Farm prays for relief as follows:

A. For a binding declaration that State Farm has no duty to defend and/or indemnify S.C. for the claims asserted in the Underlying Lawsuit and Third-Party Complaint or for any claims that may arise out of the subject matter of the Underlying Lawsuit or Third-Party Complaint.

B. For attorney's fees, cost of suit and such other relief as the Court may deem appropriate under the circumstances.

DATED:  Honolulu, Hawaii, May 14, 2026.

/s/ Richard B. Miller
RICHARD B. MILLER
ASHLEY R. SHIBUYA
THURSTON A. KINO
Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

**TOM PETRUS & MILLER LLLC**

RICHARD B. MILLER          3729-0
rmiller@tpm-hawaii.com
Tel (808) 792-5855
ASHLEY R. SHIBUYA          10200-0
Ashibuya@tpm-hawaii.com
Tel (808) 792-5804
THURSTON A. KINO           11558-0
Tel (808) 792-5827
tkino@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY
COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHAYDIN MEEK CANON CHING,<br><br>Defendant. | CIVIL NO. CV (Declaratory Judgment)<br><br>SUMMONS |

**SUMMONS**

To the above-named Defendant:

10

You are hereby summoned and required to serve upon TOM PETRUS & MILLER, LLLC, Plaintiff STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation's Attorneys, whose address is Finance Factors Center, 1164 Bishop Street, Suite 650, Honolulu, Hawaii 96813, an answer to the Complaint for Declaratory Judgment which is herewith served upon you, within twenty-one (21) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in this Complaint for Declaratory Judgment.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on the summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED _____ in Honolulu, Hawaii

_____
CLERK OF THE ABOVE-ENTITLED COURT

11